1  William J. Braun, State Bar No. 157414
2  **Braun & Melucci, LLP**
   7855 Ivanhoe Avenue, Suite 400
   La Jolla, California 92037
3  Telephone (858) 456-9725
   Facsimile (858) 456-9726
4

5  Attorneys for Plaintiff GARY W. PACE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 1 0 2013

F. Roa

6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                        COUNTY OF RIVERSIDE
9

GARY W. PACE, an individual,                    )   Case No. MCC  1 3 0 0 9 9 0
                                                )
10         Plaintiff,                            )   **GARY W. PACE'S COMPLAINT**
                                                )   **FOR DAMAGES**
11     v.                                        )
                                                )
12 MANFRED THYSSEN, SR., an individual;         )
13 MANFRED HEINZ, JR., an individual; KARIN     )
   THYSSEN also known as KARIN REUTER, an       )
14 individual; HEATING & AIR TECHNOLOGY OF      )
   CALIFORNIA, a company of unknown form and    )
15 origin; SURETEC INSURANCE COMPANY, a         )
   Texas corporation; ALLIANCE ENERGY AND       )
16 MECHANICAL, INC., a California corporation;   )
   DONALD MICHAEL BAILEY, an individual;        )
17 AMERICAN CONTRACTORS INDEMNITY              )
   COMPANY, a California corporation; and DOES 1 )
18 through 20, inclusive;                        )
                                                )
19         Defendants.                           )
                                                )
20 ─────────────────────────────────────────   )

21     Now comes Plaintiff GARY W. PACE alleging as follows:

22     1.     Plaintiff GARY W. PACE is an individual residing within the City and County of

23 San Diego, State of California, and claims some right, interest and ownership in certain real

24 property located at 1405 Inspiration Drive, La Jolla, California 92037, (hereinafter the

25 "Property").

26     2.     Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED

27 THYSSEN, SR. is, and at all times hereinafter relevant was, an individual residing within the

28 City of Temecula, County of Riverside, California, and doing business as a contractor under the

1

1   name of "Heating & Air Technology Company" within the Counties of Riverside and San

2   Diego.

3        3.      Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED

4   HEINZ THYSSEN, JR. is, and at all times hereinafter relevant was, an individual residing

5   within the City of Temecula, County of Riverside, California, and doing business as a contractor

6   under the names of "Heating & Air Technology Company" and "Alliance Energy and

7   Mechanical" within the Counties of Riverside and San Diego.

8        4.      Plaintiff is informed and believes, and thereon alleges, that Defendant KARIN

9   THYSSEN also known as KARIN REUTER is, and at all times hereinafter relevant was, an

10  individual residing within the City of Temecula, County of Riverside, California, and doing

11  business as a contractor under the names of "Heating & Air Technology Company" and

12  "Alliance Energy and Mechanical" within the Counties of Riverside and San Diego.

13       5.      Plaintiff is informed and believes, and thereon alleges, that Defendant HEATING

14  & AIR TECHNOLOGY OF CALIFORNIA is, and at all times hereinafter relevant was, a

15  company of unknown form and origin doing business as a contractor within the Counties of

16  Riverside and San Diego.

17       6.      Plaintiff is informed and believes, and thereon alleges, that Defendant SURETEC

18  INSURANCE COMPANY is, and at all times hereinafter relevant was, a Texas corporation

19  doing business as a surety on contractors' license bonds in California.

20       7.      Plaintiff is informed and believes, and thereon alleges, that Defendant

21  ALLIANCE ENERGY AND MECHANICAL, INC. is, and at all times hereinafter relevant was,

22  a corporation organized and existing under the law of the State of California, and doing business

23  as a contractor within the Counties of Riverside and San Diego.

24       8.      Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD

25  MICHAEL BAILEY is, and at all times hereinafter relevant was, an individual residing within

26  the City of Murrieta, County of Riverside, California, and doing business as a contractor under

27  the name of "Alliance Energy and Mechanical" within the Counties of Riverside and San

28  Diego.

2

9.    Plaintiff is informed and believes, and thereon alleges, that Defendant AMERICAN CONTRACTORS INDEMNITY COMPANY is, and at all times hereinafter relevant was, a California corporation doing business as a surety on contractors' license bonds with its principal place of business located in the City of Irvine, County of Orange, State of California.

10.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff at this time, and therefore Plaintiff sues said Defendants by such fictitious names. When the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly.

11.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated as a DOE is in some way responsible for the events and happenings herein referred to, and caused injury and damage proximately thereby to Plaintiff as herein alleged.

**I.**

**FIRST CAUSE OF ACTION**

(Breach of Written Contract against MANFRED THYSSEN, SR., HEATING & AIR TECHNOLOGY OF CALIFORNIA, and DOES 1 through 5)

12.    Plaintiff incorporates by reference hereinabove Paragraphs 1 through 11, inclusive, as though the same were set forth in full herein.

13.    On or about January 18, 2011, Plaintiff GARY W. PACE (hereinafter "GARY PACE"), on one hand, and Defendant MANFRED THYSSEN, SR., Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA, and DOES 1 through 5, inclusive, on the other hand, (hereinafter collectively "HEATING & AIR TECHNOLOGY OF CALIFORNIA") entered into a written Standard Form Agreement Between Owner and Contractor in the amount of $208,106.00 in which Defendants agreed to perform the underground electrical, radiant floor heat installation, rough and finish electrical, rough and finish mechanical, solar installation and Clipsal lighting control work, associated with Plaintiff's new residence located at 1405 Inspiration Drive, La Jolla, California 92037 (hereinafter the "Residence") in accordance with the plans and specifications prepared by Architect John Oleinik and his sub-consultants (hereinafter the "AIA Contract"). A true and correct copy of said written AIA Contract is

3

1   attached hereto as Exhibit "A," and incorporated in whole by this reference herein.

2       14.    Plaintiff has fully performed all conditions, covenants, and promises required of

3   him to be performed on his part by said written AIA Contract except those which were excused

4   by the acts and/or omissions of Defendants, or operation of law.

5       15.    Plaintiff is informed and believes, and thereon alleges, that Defendant HEATING

6   & AIR TECHNOLOGY OF CALIFORNIA commenced work on Plaintiff's residence on or

7   about January 17, 2011 and progressed with the specified electrical and mechanical work in

8   conjunction with work performed by other trades and contractors on Plaintiff's residence. .

9       16.    Defendants continued performance through approximately August 30, 2012 during

10  which time, Plaintiff agreed to twelve (12) modifications to the AIA Contract in the aggregate

11  amount of $84,417.73 and less deductive allowances as defined by the AIA Contract in the

12  amount of $7,955.00, ultimately increasing the AIA Contract to the total sum of $284,569.49.

13      17.    Plaintiff is further informed and believes, and thereon alleges, that during this

14  same time, Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA applied for

15  payment for work performed and materials allegedly purchased by Defendant for Plaintiff's

16  residence, and Plaintiff made payment to Defendant in the total amount of $288,406.42.

17      18.    Plaintiff is further informed and believes, and thereon alleges, that Defendant

18  MANFRED HEINZ THYSSEN, JR., acting as a representative of Defendant HEATING & AIR

19  TECHNOLOGY OF CALIFORNIA made material misrepresentations to Plaintiff concerning

20  HEATING & AIR TECHNOLOGY OF CALIFORNIA's need for Plaintiff to advance costs for

21  certain electrical and mechanical equipment, and as a result demanded that Plaintiff advance

22  costs for certain electrical and mechanical equipment.   In reliance upon these representations

23  and demands, Plaintiff advanced funds to Defendant on September 11, 2011 in the amount of

24  $10,404.00 for the towel warmer/Clipsal audio and wine room unit; on November 30, 2011 in

25  the amount of $7,855.32 for the solar rails; and on February 16, 2012 in the amount of

26  $38,406.96 for the Clipsal lighting system.   Plaintiff is informed and believes, and thereon

27  alleges, that Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA did not use

28  some portion of these funds to purchase these systems and equipment, but instead diverted the

1  funds for an alternative unauthorized use.  Some portions of the Clipsal lighting system, and the

2  towel warmers, and solar panel and rails have never been delivered to the project.

3      19.    Plaintiff is further informed and believes, and thereon alleges, that by late 2011

4  Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA slowed its performance of

5  the work on the residence and was falling significantly behind the performance of work by other

6  trades and the approved completion schedule.  Plaintiff is further informed and believes, and

7  thereon alleges, that unknown to Plaintiff at the time, Defendant was engaged in numerous

8  disputes and claims related to other projects and was unable to devote sufficient time and

9  manpower to work on Plaintiff's residence and that it had diverted funds paid by Plaintiff to

10  expenses related to these other projects.

11      20.    Plaintiff is further informed and believes, and thereon alleges, that unknown to

12  Plaintiff at the time, on or about October 4, 2010, a California Contractors' State License Board

13  (CSLB) disciplinary proceeding was commenced against Defendant HEATING & AIR

14  TECHNOLOGY OF CALIFORNIA, MANFRED THYSSEN, SR., KARIN THYSSEN and

15  other respondents related to 60 alleged violations of the contractors' license law.  Plaintiff

16  understand that a CSLB administration hearing was held between June 20 through 28, 2011, and

17  on July 27, 2011 an Administrative Law Judge ordered Defendant HEATING & AIR

18  TECHNOLOGY OF CALIFORNIA's contractors license revoked effective November 7, 2011.

19  Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA's California Contractors

20  License was in fact revoked by the California Contractors State License Board on November 7,

21  2011.  Even though its license was revoked, Defendant HEATING & AIR TECHNOLOGY OF

22  CALIFORNIA continued to perform work on Plaintiff's residence until approximately August

23  30, 2012.

24      21.    Plaintiff is informed and believes, and thereon alleges, that commencing on or

25  about November 7, 2011, and continuing thereafter, Defendant HEATING & AIR

26  TECHNOLOGY OF CALIFORNIA breached the AIA Contract by, *inter alia,* losing its

27  California Contractors' License during performance, failing to diligently prosecute the work,

28  constructively abandoning work on the residence without legal right or justification, failing to

5

1  complete the work in accordance with the project schedule, over-invoicing Plaintiff for work

2  which had not been performed, failing to construct the electrical and mechanical systems in

3  accordance with the approved plans and commonly accepted construction customs and

4  standards, receiving payment for materials and equipment then failing to purchase and/or

5  deliver the materials and equipment to Plaintiff's residence, making material misrepresentations

6  to Plaintiff regarding the scope of its work, failing to correct errors within its progress payment

7  requests, and by diverting funds received from Plaintiff's to other projects and uses.

8  ·  22.    As a direct and proximate result of Defendants' breach of the AIA Contract,

9  Plaintiff has been damaged in the amount of approximately One Hundred Fifty Thousand

10  Dollars ($150,000.00) as and for increased costs of construction, material and equipment

11  replacement costs, and extended and increased living conditions, together with interest thereon

12  at the maximum legally permissible rate from and after a date according to proof at trial.

13      23.    Plaintiff has been compelled to engage the law firm of Braun & Melucci, LLP to

14  enforce his contractual rights under said AIA Contract and to prosecute the instant action.

15  Pursuant to the terms of the Contract, Plaintiff is entitled to compensation for his reasonable

16  attorneys' fees and costs in an amount according to proof.

17                                          **II.**

18                          **SECOND CAUSE OF ACTION**

19  (Breach of Oral Contract against MANFRED THYSSEN, HEATING & AIR TECHNOLOGY

20              OF CALIFORNIA OF CALIFORNIA, and DOES 1 through 5)

21      24.    Plaintiff incorporates by reference hereinabove Paragraphs 1 through 11, inclusive,

22  as though the same were set forth in full herein.

23      25.    On or about January 18, 2011, Plaintiff GARY W. PACE (hereinafter "GARY

24  PACE"), on one hand, and Defendant MANFRED THYSSEN, SR., Defendant HEATING &

25  AIR TECHNOLOGY OF CALIFORNIA, and DOES 1 through 5, inclusive, on the other hand,

26  (hereinafter collectively "HEATING & AIR TECHNOLOGY OF CALIFORNIA") entered into

27  an oral Contract in the amount of $208,106.00 in which Defendants agreed to perform the

28  underground electrical, radiant floor heat installation, rough and finish electrical, rough and

finish mechanical, solar installation and .Clipsal lighting control work, associated with Plaintiff's new residence located at 1405 Inspiration Drive, La Jolla, California 92037 (hereinafter the "Residence") in accordance with the plans and specifications prepared by Architect John Oleinik and his sub-consultants (hereinafter the "Contract").

26.    Plaintiff has fully performed all conditions, covenants, and promises required of him to be performed on his part by said oral Contract except those which were excused by the acts and/or omissions of Defendants, or operation of law.

27.    Plaintiff is informed and believes, and thereon alleges, that Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA commenced work on Plaintiff's residence on or about January 17, 2011 and progressed with the specified electrical and mechanical work in conjunction with work performed by other trades and contractors on Plaintiff's residence.

28.    Defendants continued performance through approximately August 30, 2012 during which time, Plaintiff agreed to twelve (12) modifications to the Contract in the aggregate amount of $84,417.73 and less deductive allowances as defined by the Contract in the amount of $7,955.00, ultimately increasing the Contract to the total sum of $284,569.49.

29.    Plaintiff is further informed and believes, and thereon alleges, that during this same time, Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA applied for payment for work performed and materials allegedly purchased by Defendant for Plaintiff's residence, and Plaintiff made payment to Defendant in the total amount of $288,406.42.

30.    Plaintiff is further informed and believes, and thereon alleges, that Defendant MANFRED HEINZ THYSSEN, JR., acting as a representative of Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA made material misrepresentations to Plaintiff concerning HEATING & AIR TECHNOLOGY OF CALIFORNIA's need for Plaintiff to advance costs for certain electrical and mechanical equipment, and as a result demanded that Plaintiff advance costs for certain electrical and mechanical equipment.   In reliance upon these representations and demands, Plaintiff advanced funds to Defendant on September 11, 2011 in the amount of $10,404.00 for the towel warmer/Clipsal audio and wine room unit; on November 30, 2011 in the amount of $7,855.32 for the solar rails; and on February 16, 2012 in the amount of

7

1    $38,406.96 for the Clipsal lighting system. Plaintiff is informed and believes, and thereon

2    alleges, that Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA did not use

3    portions of these funds to purchase these systems and equipment, but instead diverted the funds

4    for an alternative unauthorized use. Portions of the Clipsal lighting system, and the towel

5    warmers, and solar panel and rails have never been delivered to the project.

6        31.    Plaintiff is further informed and believes, and thereon alleges, that by late 2011

7    Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA slowed its performance of

8    the work on the residence and was falling significantly behind the performance of work by other

9    trades and the approved completion schedule. Plaintiff is further informed and believes, and

10   thereon alleges, that unknown to Plaintiff at the time, Defendant was engaged in numerous

11   disputes and claims related to other projects and was unable to devote sufficient time and

12   manpower to work on Plaintiff's residence and that it had diverted funds paid by Plaintiff to

13   expenses related to these other projects.

14       32.    Plaintiff is further informed and believes, and thereon alleges, that unknown to

15   Plaintiff at the time, on or about October 4, 2010, a California Contractors' State License Board

16   (CSLB) disciplinary proceeding was commenced against Defendant HEATING & AIR

17   TECHNOLOGY OF CALIFORNIA, MANFRED THYSSEN, SR., KARIN THYSSEN and

18   other respondents related to 60 alleged contractor license law violations. Plaintiff understand

19   that a CSLB administration hearing was held between June 20 through 28, 2011, and on July 27,

20   2011 an Administrative Law Judge ordered Defendant HEATING & AIR TECHNOLOGY OF

21   CALIFORNIA's contractors license revoked effective November 7, 2011. Defendant

22   HEATING & AIR TECHNOLOGY OF CALIFORNIA's California Contractors License was in

23   fact revoked by the California Contractors State License Board on November 7, 2011. Even

24   though its license was revoked, Defendant HEATING & AIR TECHNOLOGY OF

25   CALIFORNIA continued to perform work on Plaintiff's residence until approximately August

26   30, 2012.

27       33.    Plaintiff is informed and believes, and thereon alleges, that commencing on or

28   about November 7, 2011, and continuing thereafter, Defendant HEATING & AIR

8

1  TECHNOLOGY OF CALIFORNIA breached the Contract by, *inter alia,* losing its California

2  Contractors' License during performance, failing to diligently prosecute the work,

3  constructively abandoning work on the residence without legal right or justification, failing to

4  complete the work in accordance with the project schedule, over-invoicing Plaintiff for work

5  which had not been performed, failing to construct the electrical and mechanical systems in

6  accordance with the approved plans and commonly accepted construction customs and

7  standards, receiving payment for materials and equipment then failing to purchase and/or

8  deliver the materials and equipment to Plaintiff's residence, making material misrepresentations

9  to Plaintiff regarding the scope of its work, failing to correct errors within its progress payment

10  requests, and by diverting funds received from Plaintiff's to other projects and uses.

11      34.    As a direct and proximate result of Defendants' breach of the Contract, Plaintiff

12  has been damaged in the amount of approximately One Hundred Fifty Thousand Dollars

13  ($150,000.00) as and for increased costs of construction, material and equipment replacement

14  costs, and extended and increased living conditions, together with interest thereon at the

15  maximum legally permissible rate from and after a date according to proof at trial.

16      35.    Plaintiff has been compelled to engage the law firm of Braun & Melucci, LLP to

17  enforce his contractual rights under said Contract and to prosecute the instant action.  Pursuant

18  to the terms of the Contract, Plaintiff is entitled to compensation for his reasonable attorneys'

19  fees and costs in an amount according to proof.

20  **III**

21  **THIRD CAUSE OF ACTION**

22  (Breach of Written Guaranty Agreement against MANFRED HEINZ THYSSEN, JR., KARIN

23  THYSSEN, DONALD MICHAEL BAILEY, ALLIANCE ENERGY AND MECHANICAL,

24  INC., and DOES 6 through 9)

25      36.    Plaintiff incorporates by reference hereinabove Paragraphs 1 through 23, inclusive,

26  as though the same were set forth in full herein.

27      37.    Plaintiff is informed and believes, and thereon alleges, that Defendant KARIN

28  THYSSEN is a shareholder and/or owner of Defendant ALLIANCE ENERGY AND

9

1    MECHANICAL, INC. There exists and at all times relevant existed, a unity of interest in

2    ownership between Defendant KARIN THYSSEN and Defendant ALLIANCE ENERGY AND

3    MECHANICAL, INC. such that a difference between them has ceased, and said Defendant

4    KARIN THYSSEN is an alter ego of the corporation. Plaintiff is informed and believes, and

5    thereon alleges that the corporation was conceived, intended and used by the individual

6    defendant as a device to avoid individual liability; that said corporation was so inadequately

7    capitalized that, compared with the business to be conducted by said corporation and the risks

8    attendant thereto, that the capitalization was illusory; that the assets of said corporation were

9    used for the personal use of the individual Defendant and the individual Defendant completely

10   controlled, dominated, managed and operated said corporation; that said corporation is a mere

11   shell, instrumentality and conduit through which the individual carried on their business.

12   Adherence to the fiction of the separate existence of said corporation as an entity distinct from

13   the individual defendant would permit an abuse of the corporate privilege and promote injustice.

14        38.       Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED

15   HEINZ THYSSEN, JR. is a shareholder and/or owner of Defendant ALLIANCE ENERGY

16   AND MECHANICAL, INC. There exists and at all times relevant existed, a unity of interest in

17   ownership between Defendant MANFRED HEINZ THYSSEN, JR. and Defendant

18   ALLIANCE ENERGY AND MECHANICAL, INC. such that a difference between them has

19   ceased, and said Defendant MANFRED HEINZ THYSSEN, JR. is an alter ego of the

20   corporation. Plaintiff is informed and believes, and thereon alleges that the corporation was

21   conceived, intended and used by the individual defendant as a device to avoid individual

22   liability; that said corporation was so inadequately capitalized that, compared with the business

23   to be conducted by said corporation and the risks attendant thereto, that the capitalization was

24   illusory; that the assets of said corporation were used for the personal use of the individual

25   Defendant and the individual Defendant completely controlled, dominated, managed and

26   operated said corporation; that said corporation is a mere shell, instrumentality and conduit

27   through which the individual carried on their business.  Adherence to the fiction of the separate

28   existence of said corporation as an entity distinct from the individual defendant would permit an

GARY W. PACE's Complaint

1 │ abuse of the corporate privilege and promote injustice.

2 │     39.    Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD

3 │ MICHAEL BAILEY is a shareholder and/or owner of Defendant ALLIANCE ENERGY AND

4 │ MECHANICAL, INC. There exists and at all times relevant existed, a unity of interest in

5 │ ownership between Defendant DONALD MICHAEL BAILEY and Defendant ALLIANCE

6 │ ENERGY AND MECHANICAL, INC. such that a difference between them has ceased, and

7 │ said Defendant DONALD MICHAEL BAILEY is an alter ego of the corporation.  Plaintiff is

8 │ informed and believes,, and thereon alleges that the corporation was conceived, intended and

9 │ used by the individual defendant as a device to avoid individual liability; that said corporation

10 │ was so inadequately capitalized that, compared with the business to be conducted by said

11 │ corporation and the risks attendant thereto, that the capitalization was illusory; that the assets of

12 │ said corporation were used for the personal use of the individual Defendant and the individual

13 │ Defendant completely controlled, dominated, managed and operated said corporation; that said

14 │ corporation is a mere shell, instrumentality and conduit through which the individual carried on

15 │ their business.   Adherence to the fiction of the separate existence of said corporation as an

16 │ entity distinct from the individual defendant would permit an abuse of the corporate privilege

17 │ and promote injustice.

18 │     40.    Plaintiff is informed and believes, and thereon alleges, that in August of 2012

19 │ Defendant KARIN THYSSEN also known as KARIN REUTER informed Plaintiff that

20 │ HEATING & AIR TECHNOLOGY OF CALIFORNIA was going to be closing down as a

21 │ business, that MANFRED THYSSEN , SR. would not longer be involved in the project, and

22 │ that an alternate company, Defendant ALLIANCE ENERGY AND MECHANICAL, INC.,

23 │ would complete work on Plaintiff's residence.

24 │     41.    On or about August 30 2012, Plaintiff GARY W. PACE, on one hand, and

25 │ Defendant MANFRED HEINZ THYSSEN, JR., Defendant HEATING & AIR TECHNOLOGY

26 │ OF CALIFORNIA, Defendant ALLIANCE ENERGY and DOES 6 through 9, inclusive, on the

27 │ other hand, entered into a written guaranty agreement in which ALLIANCE ENERGY and

28 │ MANFRED HEINZ THYSSEN, JR. agreed to assume Defendant HEATING & AIR

11

1   TECHNOLOGY OF CALIFORNIA's contractual obligations towards Plaintiff under the AIA

2   Contract, and that in consideration of said assumption of these duties and obligations, Plaintiff

3   GARY W. PACE would pay the additional sum of $8,000 by August 31, 2012, the additional

4   sum of $8,000 upon successful completion of the final inspection by the City of San Diego and

5   all key systems required for occupancy including but not limited to Clipsal lighting system,

6   wireless and wired internet, cable TV, cell phone booster, HVAC and in floor heating and towel

7   warmers, and the additional sum of $6,000 upon the completion of system commissioning and

8   delivery of as-built drawings (hereinafter the "Guaranty Agreement").   A true and correct copy

9   of said written Guaranty Agreement is attached hereto as Exhibit "B," and incorporated in

10   whole by this reference herein.

11       42.   Plaintiff has fully performed all conditions, covenants, and promises required of

12   him to be performed on his part by said written Guaranty Agreement, except those which were

13   excused by the acts and/or omissions of Defendants, or operation of law.

14       43.   Plaintiff is informed and believes, and thereon alleges, that in accordance with the

15   Guaranty Agreement, Plaintiff paid the additional sum of $8,000 on August 31, 2012, and in

16   response to KARIN THYSSEN's requests for additional money, on or about September 9, 2012

17   paid $8,000 more even though no further work had been performed, the work had not been

18   completed and no final inspection had occurred.  At the time that KARIN THYSSEN requested

19   this second $8,000 payment, Plaintiff is informed and believes, and thereon alleges that nether

20   MANFRED HEINZ THYSSEN, JR., nor KARIN THYSSEN, nor DONALD MICHAEL

21   BAILEY, nor ALLIANCE ENERGY had any intentions of completing the work on Plaintiff's

22   Residence.

23       44.   After execution of the Guaranty Agreement, Defendant MANFRED HEINZ

24   THYSSEN, JR. and Defendant DONALD MICHAEL BAILEY periodically made site visits to

25   Plaintiff's residence to performed a minimal amount of work required under HEATING & AIR

26   TECHNOLOGY OF CALIFORNIA's AIA Contract.   Plaintiff is informed and believes, and

27   thereon alleges, that by March 1, 2013, Defendant MANFRED HEINZ THYSSEN, JR.,

28   Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA, and Defendant ALLIANCE

12

1   ENERGY had constructively abandoned the work and performed no further work on Plaintiff's

2   residence. Defendants made no signficant progress towards completion of the work in the seven

3   months between August 2012 and March 2013, and at this time, Defendants have failed to

4   complete the radiant floor heating work, solar panel work, and Clipsal lighting control work.

5       45.    Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED

6   HEINZ THYSSEN, JR. and Defendant KARIN THYSSEN have informed Plaintiff that the

7   equipment specifically purchased by Plaintiff or on behalf of Plaintiff necessary for the

8   completion of the radiant floor heating work, solar panel work, and Clipsal lighting control

9   work and other electrical parts was being stored by ALLIANCE ENERGY in a warehouse

10   located at 25783 Jefferson Avenue in Murietta, California. Plaintiff contends that upon

11   payment for this equipment, pursuant to the California Uniform Commercial Code, title to these

12   materials pass from the seller to Plaintiff and/or from the seller to ALLIANCE ENERGY to

13   Plaintiff. Plaintiff claims title to this equipment. Plaintiff is informed and believes, and

14   thereon alleges, that on or about September 18, 2012, a fire sprinkler within the warehouse

15   caused water damage to this equipment and it has been rendered damaged and potentially

16   unuseable. Moreover, Plaintiff understands that since ALLIANCE ENERGY and the

17   warehouse owner are engaged in a lease dispute, the warehouse owner has refused to release

18   possession of this equipment to its rightful owner.

19       46.    Plaintiff is informed and believes, and thereon alleges, that commencing on or

20   about March 1, 2013, and continuing thereafter, Defendant MANFRED HEINZ THYSSEN,

21   JR., Defendant KARIN THYSSEN, Defendant DONALD MICHAEL BAILEY, Defendant

22   HEATING & AIR TECHNOLOGY OF CALIFORNIA, Defendant ALLIANCE ENERGY and

23   DOES 6 through 9, inclusive, breached the Guaranty Agreement by, *inter alia,* failing to

24   complete the radiant floor heat, solar panel, and Clipsal lighting control work on Plaintiff's

25   Residence, and by failing to tender possession of the equipment which Plaintiff has paid for.

26       47.    As a direct and proximate result of Defendants' breach of the Guaranty

27   Agreement, Plaintiff has been damaged in an amount of approximately One Hundred Fifty

28   Thousand Dollars ($150,000.00) as and for increased costs of construction, equipment

13

1  replacement costs, and extended living conditions, together with interest thereon at the

2  maximum legally permissible rate from and after a date according to proof at trial.

3      48.    Plaintiff has been compelled to engage the law firm of Braun & Melucci, LLP to

4  enforce his contractual rights under said Contract and to prosecute the instant action.  Pursuant

5  to the terms of the Guaranty Agreement, Plaintiff is entitled to compensation for his reasonable

6  attorneys' fees and costs in an amount according to proof.

7  IV

8  **FOURTH CAUSE OF ACTION**

9  (Breach of Oral Guaranty Agreement against MANFRED HEINZ THYSSEN, JR., KARIN

10  THYSSEN, DONALD MICHAEL BAILEY, HEATING & AIR TECHNOLOGY OF

11  CALIFORNIA OF CALIFORNIA, ALLIANCE ENERGY AND MECHANICAL, INC., and

12  DOES 6 through 9)

13      49.    Plaintiff incorporates by reference hereinabove Paragraphs 1 through 23 and

14  Paragraphs 37 through 40, inclusive, as though the same were set forth in full herein.

15      50.    On or about August 30 2012, Plaintiff GARY W. PACE, on one hand, and

16  Defendant MANFRED HEINZ THYSSEN, JR., Defendant HEATING & AIR TECHNOLOGY

17  OF CALIFORNIA, Defendant ALLIANCE ENERGY and DOES 6 through 9, inclusive, on the

18  other hand, entered into an oral guaranty agreement in which ALLIANCE ENERGY and

19  MANFRED HEINZ THYSSEN, JR. agreed to assume Defendant HEATING & AIR

20  TECHNOLOGY OF CALIFORNIA's contractual obligations towards Plaintiff under the AIA

21  Contract, and that in consideration of said assumption of these duties and obligations, Plaintiff

22  GARY W. PACE would pay the additional sum of $8,000 by August 31, 2012, the additional

23  sum of $8,000 upon successful completion of the final inspection by the City of San Diego and

24  all key systems required for occupancy including but not limited to Clipsal lighting system,

25  wireless and wired internet, cable TV, cell phone booster, HVAC and in floor heating and towel

26  warmers, and the additional sum of $6,000 upon the completion of system commissioning and

27  delivery of as-built drawings (hereinafter the "Guaranty Agreement").

28      51.    Plaintiff has fully performed all conditions, covenants, and promises required of

14

1    him to be performed on his part by said oral Guaranty Agreement, except those which were

2    excused by the acts and/or omissions of Defendants, or operation of law.

3        52.    Plaintiff is informed and believes, and thereon alleges, that in accordance with the

4    Guaranty Agreement Plaintiff paid the additional sum of $8,000 on August 31, 2012, and in

5    response to KARIN THYSSEN's requests for additional money, on or about September 9, 2012

6    paid $8,000 more even though no further work had been performed, the work had not been

7    completed and no final inspection had occurred. At the time that KARIN THYSSEN requested

8    this second $8,000 payment, Plaintiff is informed and believes, and thereon alleges that nether

9    MANFRED HEINZ THYSSEN, JR., nor KARIN THYSSEN, nor DONALD MICHAEL

10   BAILEY, nor ALLIANCE ENERGY had any intentions of completing the work on Plaintiff's

11   Residence.

12       53.    After entering into the Guaranty Agreement, Defendant MANFRED HEINZ

13   THYSSEN, JR. and Defendant DONALD MICHAEL BAILEY (hereinafter "DON BAILEY")

14   periodically made site visits to Plaintiff's residence to performed a minimal amount of work

15   required under HEATING & AIR TECHNOLOGY OF CALIFORNIA's AIA Contract.

16   Plaintiff is informed and believes, and thereon alleges, that by March 1, 2013, Defendant

17   MANFRED HEINZ THYSSEN, JR., Defendant HEATING & AIR TECHNOLOGY OF

18   CALIFORNIA, and Defendant ALLIANCE ENERGY had constructively abandoned the work

19   and performed no further work on Plaintiff's residence. Defendants made no significant

20   progress towards completion of the work in the seven months between August 2012 and March

21   2013, and at this time, Defendants have failed to complete the radiant floor heating work, solar

22   panel work, and Clipsal lighting control work.

23       54.    Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED

24   HEINZ THYSSEN, JR. and Defendant KARIN THYSSEN have informed Plaintiff that the

25   equipment specifically purchased by Plaintiff necessary for the completion of the radiant floor

26   heating work, solar panel work, and Clipsal lighting control work was being stored by

27   ALLIANCE ENERGY in a warehouse located at 25783 Jefferson Avenue in Murietta,

28   California.   Plaintiff contends that upon payment for this equipment, pursuant to the California

15

1   Uniform Commercial Code, title to these materials pass from the seller to Plaintiff and/or from

2   the seller to ALLIANCE ENERGY to Plaintiff.   Plaintiff claims title to this equipment.

3   Plaintiff is informed and believes, and thereon alleges, that on or about September 18, 2012, a

4   fire sprinkler within the warehouse caused water damage to this equipment and it has been

5   rendered damaged and unuseable.   Moreover, Plaintiff understands that since ALLIANCE

6   ENERGY and the warehouse owner are engaged in a lease dispute, the warehouse owner has

7   refused to release possession of this equipment to its rightful owner.

8        55.      Plaintiff is informed and believes, and thereon alleges, that commencing on or

9   about March 1, 2013, and continuing thereafter, Defendant MANFRED HEINZ THYSSEN,

10   JR., Defendant KARIN THYSSEN, Defendant DONALD MICHAEL BAILEY, Defendant

11   HEATING & AIR TECHNOLOGY OF CALIFORNIA, Defendant ALLIANCE ENERGY and

12   DOES 6 through 9, inclusive, breached the oral Guaranty Agreement by, *inter alia,* failing to

13   complete the radiant floor heat, solar panel, and Clipsal lighting control work on Plaintiff's

14   Residence, and by failing to tender possession of the equipment which Plaintiff has paid for.

15        56.      As a direct and proximate result of Defendants' breach of the Guaranty

16   Agreement, Plaintiff has been damaged in an amount of approximately One Hundred Fifty

17   Thousand Dollars ($150,000.00) as and for increased costs of construction, equipment

18   replacement costs, and extended living conditions, together with interest thereon at the

19   maximum legally permissible rate from and after a date according to proof at trial.

20                                     **VII.**

21                        **FIFTH CAUSE OF ACTION**

22        **(On Contractor's License Bond against SURETEC and DOE 9)**

23        57.      Plaintiff incorporates hereinabove Paragraphs 1 through 23, inclusive, as though the

24   same were set forth in full.

25        58.      Plaintiff is informed and believes, and thereon alleges, that upon the application of

26   HEATING & AIR TECHNOLOGY OF CALIFORNIA and MANFRED THYSSEN, SR. to the

27   Registrar of Contractors of the Contractor's State License Board for a contractor's license, or the

28   renewal thereof, and in accordance with the provisions of Section 7071.6 of the Business and

                                        16

1   Professions Code, HEATING & AIR TECHNOLOGY and MANFRED THYSSEN, SR. filed

2   with the Registrar of the State Contractor's License Board, a bond issued by Defendant

3   SURETEC INSURANCE COMPANY and DOE 9 (hereinafter collectively "SURETEC") in

4   the penal sum of $12,500 conditioned upon the full compliance by HEATING & AIR

5   TECHNOLOGY and MANFRED THYSSEN, SR. with all the provisions of Division 3,

6   Chapter 9 of the Business and Professions Code of the State of California, and inuring to the

7   benefit of any person damaged as a result of the violation of said chapter by HEATING & AIR

8   TECHNOLOGY and MANFRED THYSSEN, SR.

9       59.     Plaintiff is an individual to whom the benefit of said bond inures and Plaintiff has

10  been damaged as a result of violation by HEATING & AIR TECHNOLOGY and MANFRED

11  THYSSEN, SR. of Business and Professions Code, Division 3, Chapter 9, as more fully set

12  forth hereinabove.

13      60.     Plaintiff intends the service of this Summons and Complaint to constitute demand

14  upon SURETEC for the payment of the penal sum of said bond.

15      61.     Plaintiff is entitled to compensation from SURETEC in the penal sum of said bond

16  as and for compensation for its damages incurred as a result of HEATING & AIR

17  TECHNOLOGY and MANFRED THYSSEN, SR.'s violation of the California Business and

18  Professions Code.

19                                        **VII.**

20                           **SIXTH CAUSE OF ACTION**

21          **(On Contractor's License Bond against ACIC and DOE 10)**

22      62.     Plaintiff incorporates hereinabove Paragraphs 1 through 23 and Paragraph 36

23  through 47, inclusive, as though the same were set forth in full.

24      63.     Plaintiff is informed and believes, and thereon alleges, that upon the application of

25  ALLIANCE ENERGY to the Registrar of Contractors of the Contractor's State License Board

26  for a contractor's license, or the renewal thereof, and in accordance with the provisions of

27  Section 7071.6 of the Business and Professions Code, ALLIANCE ENERGY filed with the

28  Registrar of the State Contractor's License Board, a bond issued by Defendant AMERICAN

17

CONTRACTORS INDEMNITY COMPANY and DOE 10 (hereinafter collectively "ACIC") in the penal sum of $12,500 conditioned upon the full compliance by ALLIANCE ENERGY with all the provisions of Division 3, Chapter 9 of the Business and Professions Code of the State of California, and inuring to the benefit of any person damaged as a result of the violation of said chapter by ALLIANCE ENERGY.

64.     Plaintiff is an individual to whom the benefit of said bond inures and Plaintiff has been damaged as a result of violation by ALLIANCE ENERGY of Business and Professions Code, Division 3, Chapter 9, as more fully set forth hereinabove.

65.     Plaintiff intends the service of this Summons and Complaint to constitute demand upon ACIC for the payment of the penal sum of said bond.

66.     Plaintiff is entitled to compensation from ACIC in the penal sum of said bond as and for compensation for its damages incurred as a result of ALLIANCE ENERGY's violation of the California Business and Professions Code.

## VIII.

### SEVENTH CAUSE OF ACTION

**(Disgorgement of Contract Funds against MANFRED THYSSEN, SR., KARIN THYSSEN, HEATING & AIR TECHNOLOGY OF CALIFORNIA, and DOES 1 - 5)**

67.     Plaintiff incorporate hereinabove Paragraphs 1 through 23, inclusive, as though the same were set forth in full.

68.     Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED THYSSEN, SR. and Defendant KARIN THYSSEN were aware by October 4, 2011 that Defendant HEATING & AIR TECHNOLOGY OF CALIFORNIA's California Contractors State License had been revoked by the California Contractors' State License Board effective November 7, 2011 but continued to perform work on Plaintiff's residence through at least August 12, 2012.   In performing said work without a license, Defendants violated Section 7031 of the California Business and Professions Code.

69.     Plaintiff is informed and believes, and thereon alleges that he is entitled under Paragraph B of Section 7031 to a disgorgement of all contract funds paid by Plaintiff to without

18

GARY W. PACE's Complaint

1  a reduction or offset for the value of the work performed by HEATING & AIR TECHNOLOGY

2  OF CALIFORNIA.

### VIII.

### EIGHTH CAUSE OF ACTION

(Disgorgement of Contract Funds against MANFRED HEINZ THYSSEN, JR., KARIN

THYSSEN, DONALD MICHAEL BAILEY, ALLIANCE ENERGY AND

MECHANICAL, INC., and DOES 1 - 5)

8      70.    Plaintiff incorporate hereinabove Paragraphs 1 through 34, inclusive, as though the

9  same were set forth in full.

10      71.    Plaintiff is informed and believes, and thereon alleges, that on or after August 30,

11  2012, Defendant ALLIANCE ENERGY agreed to perform radiant floor heating installation,

12  rough and finish electrical, rough and finish mechanical, solar installation and Clipsal lighting

13  control work associated with Plaintiff's Residence.   Performance of said work requires a Class

14  C-10, *Electrical license*, and a Class C-20, *Warm-air Heating, Ventilating and Air*

15  *Conditioning,* license under the California Contractors State License law.  Plaintiff is informed

16  and believes, and thereon alleges, that ALLIANCE ENERGY only possesses a Class C-10,

17  *Electrical license.*  In contracting to perform and performing the rough and finish mechanical

18  and solar installation work, Defendants violated Section 7031 of the California Business and

19  Professions Code by not being properly licensed for the work performed.

20      72.    Plaintiff is informed and believes, and thereon alleges that he is entitled under

21  Paragraph B of Section 7031 to a disgorgement of all contract funds paid by Plaintiff to or on

22  behalf of ALLIANCE ENERGY, MANFRED HEINZ THYSSEN, JR., KARIN THYSSEN, and

23  DONALD MICHAEL BAILEY without a reduction or offset for the value of the work

24  performed by ALLIANCE ENERGY.

25  ///

26  ///

27  ///

28  ///

19

GARY W. PACE's Complaint

## V.

## NINTH CAUSE OF ACTION

(Negligent Misrepresentation against MANFRED HEINZ THYSSEN, JR., KARIN THYSSEN, and DOES 12 AND 13)

73.     Plaintiff incorporate hereinabove Paragraphs 1 through 23 and Paragraph 37 through 48, inclusive, as though the same were set forth in full.

74.     Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED HEINZ THYSSEN, JR. and Defendant KARIN THYSSEN and DOES 11 and 12, inclusive, represented to Plaintiff that HEATING & AIR TECHNOLOGY OF CALIFORNIA needed an advancement of costs for certain electrical and mechanical equipment.

75.     Plaintiff is informed and believes and thereon alleges that the representations made by Defendants referenced in the preceding paragraph were in fact false since Defendants had no reasonable basis for concluding that the equipment supplier needed an advancement of costs, and since Defendants did not intend to use the funds to purchase the referenced equipment but instead were intended to used by Defendants for other unauthorized purposes.

76.     Plaintiff is further informed and believes, and thereon alleges, that Defendants did make these representations with the intention of inducing Plaintiff pay additional funds to Defendants without legal justification and to which it was not otherwise entitled.

77.     At the time of making these representations, and at all times thereafter, said Defendants concealed from Plaintiff the falsity of the representation and their consequential inability to make the alleged representations accurately.

78.     At the time these representations were made by Defendants, Plaintiff was ignorant of the falsity of said Defendants' representations and believed them to be true.  At that time, Plaintiff accepted Defendants representations based upon his knowledge and experience, and Plaintiff had no reason to suspect that Defendants' representations were not true.

79.     As a direct and proximate result of said negligent mis-representation by Defendants, Plaintiff was induced to pay additional sums to Defendants to which they were not entitled and thereby Plaintiff has been damaged in an amount to be determined at time of trial,

GARY W. PACE's Complaint

plus interest thereon, litigations costs and expenses.

80.    The aforementioned conduct by Defendants, was an intentional fraud and deceit with the intention on the part of said Defendants to financially harm and injure Plaintiff and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Cross-Complainants' right so as to justify an award of exemplary and punitive damages.

## V.

## TENTH CAUSE OF ACTION

## (Fraud against MANFRED HEINZ THYSSEN, JR., KARIN THYSSEN, and DOES 12 AND 13)

81.    Plaintiff incorporate hereinabove Paragraphs 1 through 23 and Paragraph 37 through 48, inclusive, as though the same were set forth in full.

82.    Plaintiff is informed and believes, and thereon alleges, that Defendant MANFRED HEINZ THYSSEN, JR. and Defendant KARIN THYSSEN and DOES 11 and 12, inclusive, falsely represented to Plaintiff that HEATING & AIR TECHNOLOGY OF CALIFORNIA needed an advancement of costs for certain electrical and mechanical equipment.

83.    Plaintiff is informed and believes and thereon alleges that the representations made by Defendants referenced in the preceding paragraph were in fact false since Defendants knew that the equipment supplier did not need an advancement of costs, and since Defendants did not intend to use the funds to purchase the referenced equipment but instead were intended to used by Defendants for other unauthorized purposes.

84.    Plaintiff is further informed and believes, and thereon alleges, that Defendants did make these representations with the intention of inducing Plaintiff pay additional funds to Defendants without legal justification and to which it was not otherwise entitled.

85.    At the time of making these representations, and at all times thereafter, said Defendants concealed from Plaintiff the falsity of the representation.

86.    At the time these representations were made by Defendants, Plaintiff was ignorant of the falsity of said Defendants' representations and believed them to be true. At that time, Plaintiff accepted Defendants representations based upon his knowledge and experience, and

21

1    Plaintiff had no reason to suspect that Defendants' representations were not true.

2        87.    As a direct and proximate result of said false representation by Defendants,

3    Plaintiff was induced to pay additional sums to Defendants to which they were not entitled and

4    thereby Plaintiff has been damaged in an amount to be determined at time of trial, plus interest

5    thereon, litigations costs and expenses.

6        88.    The aforementioned conduct by Defendants, was an intentional fraud and deceit

7    with the intention on the part of said Defendants to financially harm and injure Plaintiff and was

8    despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of

9    Cross-Complainants' right so as to justify an award of exemplary and punitive damages.

10                                          V.

11                          **ELEVENTH CAUSE OF ACTION**

12              (Replevin against ALLIANCE ENERGY AND DOE 10 and 11)

13        89.    Plaintiff incorporate hereinabove Paragraphs 1 through 23 and Paragraphs 37

14    through 48, inclusive, as though the same were set forth in full.

15        90.    Plaintiff is informed and believes, and thereon alleges that upon payment for the

16    equipment, Plaintiff became the lawful owner and currently holds title to certain equipment

17    specified purchased and identified by ALLIANCE for the radiant floor heating, solar panel, and

18    Clipsal lighting control work at Plaintiff's residence.

19        91.    Plaintiff is informed and believes, and thereon alleges that Defendant ALLIANCE

20    ENERGY and/or DOE 10 and 11, inclusive, currently are in possession of this equipment

21    within a warehouse located at 25783 Jefferson Avenue in Murietta, California.   Plaintiff has

22    made demand upon Defendants for the release and delivery of this equipment, Defendant have

23    refused, and that as a result, Defendants' continued possession of this equipment is wrongful

24    and without legal justification.

25        92.    Plaintiff prays that the Court grant an order directing Defendant ALLIANCE

26    ENERGY and/or DOE 10 and 11, inclusive, to immediately release possession and cause the

27    equipment to be delivered to Plaintiff's residence.

28            WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

                                          22

follows:

**ON THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION:**

    A.    For the principal sum in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) according to proof at trial;

    B.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

    C.    For costs of suit incurred herein;

    D.    For reasonable attorneys' fees and costs incurred herein; and

    E.    For such other and further relief as the court deems just and proper.

**ON THE FIFTH AND SIXTH CAUSES OF ACTION:**

    A.    For the principal sum in the amount of Twelve Thousand, Five Hundred Dollars ($12,500.00) according to proof at trial;

    B.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

    C.    For costs of suit incurred herein; and

    D.    For such other and further relief as the court deems just and proper.

**ON THE SEVENTH CAUSE OF ACTION:**

    A.    For the principal sum of Two Hundred Eighty-eight Thousand, Four Hundred Six Dollars and Forty-two Cents ($288,406.42) according to proof at trial;

    B.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

    C.    For costs of suit incurred herein;

    D.    For such other and further relief as the court deems just and proper.

**ON THE EIGHTH CAUSE OF ACTION:**

    A.    For the principal sum in an undetermined amount according to proof at trial;

    B.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

    C.    For costs of suit incurred herein;

GARY W. PACE's Complaint

D.    For such other and further relief as the court deems just and proper.

**ON THE NINTH AND TENTH CAUSES OF ACTION:**

A.    For compensatory damages according to proof at trial

B.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

C.    For costs of suit incurred herein;

D.    For Punitive and Exemplary Damages, and

E.    For such other and further relief as the court deems just and proper.

**ON THE ELEVENTH CAUSE OF ACTION:**

A.    For an order of the Court requiring Defendant to immediately release and deliver possession of all of the equipment specifically purchase for Plaintiff's residence.

B.    For Consequential damages according to proof at trial;

C.    For interest thereon at the maximum legally permissible rate from and after a date according to proof at trial;

D.    For costs of suit incurred herein;

E.    For such other and further relief as the court deems just and proper.

Dated: July 5, 2013                BRAUN & MELUCCI, LLP

By: _____
William J. Braun, Esq.
Attorneys for Plaintiff
GARY W. PACE

24

Riverside County Case No.                              GARY W. PACE's Complaint

# ▓AIA® Document A101™ – 2007

## *Standard Form of Agreement Between Owner and Contractor* where the basis of payment is a Stipulated Sum

AGREEMENT made as of the  eighteenth                    day of January
in the year two thousand eleven
*(In words, indicate day, month and year.)*

BETWEEN the Owner:
*(Name, legal status, address and other information)*

Gary Pace             1405  INSPIRATION DRIVE
~~1160 Via Espana~~
La Jolla, CA 92037

and the Contractor:
*(Name, legal status, address and other information)*

Heating & Air Technology of California
43250 Business Park Dr Suite 101
Temecula, CA 92590

for the following Project:
*(Name, location and detailed description)*

Pace Residence
1405 Inspiration Dr
La Jolla, CA 92037

The Architect:
*(Name, legal status, address and other information)*

John Oleinik Architect
829 Verona Ct
San Diego, CA 92109

> This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.
>
> AIA Document A201™–2007, General Conditions of the Contract for Construction, is adopted in this document by reference. Do not use with other general conditions unless this document is modified.

Exhibit   A

The Owner and Contractor agree as follows.



AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41  under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

TABLE OF ARTICLES

1   THE CONTRACT DOCUMENTS

2   THE WORK OF THIS CONTRACT

3   DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

4   CONTRACT SUM

5   PAYMENTS

6   DISPUTE RESOLUTION

7   TERMINATION OR SUSPENSION

8   MISCELLANEOUS PROVISIONS

9   ENUMERATION OF CONTRACT DOCUMENTS

10   INSURANCE AND BONDS

## ARTICLE 1  THE CONTRACT DOCUMENTS

The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement, all of which form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than a Modification, appears in Article 9.

## ARTICLE 2  THE WORK OF THIS CONTRACT

The Contractor shall fully execute the Work described in the Contract Documents, except as specifically indicated in the Contract Documents to be the responsibility of others.

## ARTICLE 3  DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

§ 3.1 The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Insert the date of commencement if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*

Start Date shall be established by a Notice To Proceed letter by the owner or owners representative

If, prior to the commencement of the Work, the Owner requires time to file mortgages and other security interests, the Owner's time requirement shall be as follows:

§ 3.2 The Contract Time shall be measured from the date of commencement.

 Init.

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

§ 3.3 The Contractor shall achieve Substantial Completion of the entire Work not later than
To be determined by construction schedule    (          ) days from the date of commencement, or as follows:
*(Insert number of calendar days. Alternatively, a calendar date may be used when coordinated with the date of commencement. If appropriate, insert requirements for earlier Substantial Completion of certain portions of the Work.)*

Owner and/or owner's representative shall provide an accurate and updated Construction Schedule

| Portion of the Work | Substantial Completion Date |
|---|---|
| Undergound Electrical | Refer to schedule |
| Radiant Floor Heat Installation | Refer to schedule |
| Rough Electrical | Refer to schedule |
| Rough Mechanical | Refer to schedule |
| Solar Installaiton | Refer to schedule |
| Finish Mechanical & Electrical | Refer to schedule |

, subject to adjustments of this Contract Time as provided in the Contract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to achieve Substantial Completion on time or for bonus payments for early completion of the Work.)*

## ARTICLE 4   CONTRACT SUM
§ 4.1 The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the
Contract. The Contract Sum shall be    eight                                                                    Dollars
two hundred thousand one hundred six 00/100
($ 208,106.00      ) subject to additions and deductions as provided in the Contract Documents.

§ 4.2 The Contract Sum is based upon the following alternates, if any, which are described in the Contract Documents
and are hereby accepted by the Owner.
*(State the numbers or other identification of accepted alternates. If the bidding or proposal documents permit the Owner to accept other alternates subsequent to the execution of this Agreement, attach a schedule of such other alternates showing the amount for each and the date when that amount expires.)*
                                                                                (deduct) $ T.B.D
* Changes to Clipsal Lighting Control System
   Note: Deduct amount shall be computed by actual dollar amount of componets deducted including required labor,
        parts, and tax to install deducted componets.
*Deducts/additions in changes to electrical systems shall be computed as noted above.

§ 4.3 Unit prices, if any:
*(Identify and state the unit price; state quantity limitations, if any, to which the unit price will be applicable.)*

| Item | Units and Limitations | Price per Unit ($0.00) |
|---|---|---|
| HVAC with Zoning | | 46,126.00 |
| Electrical | | 127,734.00 |
| Radiant Heat System | | 8,541.00 |
| Boilers | | 9,654.00 |
| Solar PV System | | 34,148.00 |

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

**§ 4.4** Allowances included in the Contract Sum, if any:
*(Identify allowance and state exclusions, if any, from the allowance price.)*

Item                                                                                      Price ($0.00)

## ARTICLE 5  PAYMENTS
**§ 5.1 PROGRESS PAYMENTS**
**§ 5.1.1** Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

**§ 5.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

**§ 5.1.3** Provided that an Application for Payment is received by the Architect not later than the          first          day of a month, the Owner shall make payment of the certified amount to the Contractor not later than the          fifth          day of the          same          month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than          thirty          ( 30 ) days after the Architect receives the Application for Payment.
*(Federal, state or local laws may require payment within a certain period of time.)*

**§ 5.1.4** Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.

**§ 5.1.5** Applications for Payment shall show the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

**§ 5.1.6** Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

.1   Take that portion of the Contract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Work by the share of the Contract Sum allocated to that portion of the Work in the schedule of values, less retainage of          ten          percent ( 10 %). Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Section 7.3.9 of AIA Document A201™–2007, General Conditions of the Contract for Construction;

.2   Add that portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction (or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing), less retainage of          ten          percent ( 10 %);

.3   Subtract the aggregate of previous payments made by the Owner; and

.4   Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Section 9.5 of AIA Document A201–2007.

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

§ 5.1.7 The progress payment amount determined in accordance with Section 5.1.6 shall be further modified under the following circumstances:

.1    Add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to the full amount of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such work and unsettled claims; and
*(Section 9.8.5 of AIA Document A201–2007 requires release of applicable retainage upon Substantial Completion of Work with consent of surety, if any.)*

.2    Add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Section 9.10.3 of AIA Document A201–2007.

§ 5.1.8 Reduction or limitation of retainage, if any, shall be as follows:
*(If it is intended, prior to Substantial Completion of the entire Work, to reduce or limit the retainage resulting from the percentages inserted in Sections 5.1.6.1 and 5.1.6.2 above, and this is not explained elsewhere in the Contract Documents, insert here provisions for such reduction or limitation.)*

§ 5.1.9 Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

§ 5.2 FINAL PAYMENT
§ 5.2.1 Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when

.1    the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Section 12.2.2 of AIA Document A201–2007, and to satisfy other requirements, if any, which extend beyond final payment; and

.2    a final Certificate for Payment has been issued by the Architect.

§ 5.2.2 The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:

## ARTICLE 6   DISPUTE RESOLUTION
§ 6.1 INITIAL DECISION MAKER
The Architect will serve as Initial Decision Maker pursuant to Section 15.2 of AIA Document A201–2007, unless the parties appoint below another individual, not a party to this Agreement, to serve as Initial Decision Maker.
*(If the parties mutually agree, insert the name, address and other contact information of the Initial Decision Maker, if other than the Architect.)*
General Contractor


Init.

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:40:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

5

## § 6.2 BINDING DISPUTE RESOLUTION

For any Claim subject to, but not resolved by, mediation pursuant to Section 15.3 of AIA Document A201–2007, the method of binding dispute resolution shall be as follows:

*(Check the appropriate box. If the Owner and Contractor do not select a method of binding dispute resolution below, or do not subsequently agree in writing to a binding dispute resolution method other than litigation, Claims will be resolved by litigation in a court of competent jurisdiction.)*

[x] Arbitration pursuant to Section 15.4 of AIA Document A201–2007

[ ] Litigation in a court of competent jurisdiction

[ ] Other: *(Specify)*

## ARTICLE 7 TERMINATION OR SUSPENSION

§ 7.1 The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201–2007.

§ 7.2 The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201–2007.

## ARTICLE 8 MISCELLANEOUS PROVISIONS

§ 8.1 Where reference is made in this Agreement to a provision of AIA Document A201–2007 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

§ 8.2 Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
*(Insert rate of interest agreed upon, if any.)*

six percent

§ 8.3 The Owner's representative:
*(Name, address and other information)*

§ 8.4 The Contractor's representative:
*(Name, address and other information)*
Manfred H Thyssen
43250 Business Park Dr Suite 101
Temecula, CA 92590
951-529-2619

§ 8.5 Neither the Owner's nor the Contractor's representative shall be changed without ten days written notice to the other party.



AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

6

§ 8.6 Other provisions:

## ARTICLE 9  ENUMERATION OF CONTRACT DOCUMENTS

§ 9.1 The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated in the sections below.

§ 9.1.1 The Agreement is this executed AIA Document A101--2007, Standard Form of Agreement Between Owner and Contractor.

§ 9.1.2 The General Conditions are AIA Document A201--2007, General Conditions of the Contract for Construction.

§ 9.1.3 The Supplementary and other Conditions of the Contract:

| Document | Title | Date | Pages |
|---|---|---|---|
| 1 | Revised Proposal | 1/16/2011 | 4 |

§ 9.1.4 The Specifications:
*(Either list the Specifications here or refer to an exhibit attached to this Agreement.)*

Project shall be installed according to plans and specifications created by Architect of Record. Owner and Owner's Representative shall approve Project Submittals submitted by Contractor no later then 30 days after acceptance of this agreement. Approved Project Submittals shall become part of the Project Specifications.

| Section | Title | Date | Pages |
|---|---|---|---|
| M | Mechanical | 1/16/2011 | 18 |
| E | Electrical | 1/16/2011 | 14 |
| P.V. | PV Solar System | 1/16/2011 | 10 |
| A.M. | Clipsal Automation Systems | 1/16/2011 | 14 |

AIA Document A101™--2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

§ 9.1.5 The Drawings:
*(Either list the Drawings here or refer to an exhibit attached to this Agreement.)*

| Number | Title | Date |
|--------|-------|------|
| M | Mechanical | To be added |
| E | Electrical | To be added |
| PV | Solar Electric System | To be added |

§ 9.1.6 The Addenda, if any:

| Number | | Date | Pages |
|--------|--|------|-------|

Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are also enumerated in this Article 9.

§ 9.1.7 Additional documents, if any, forming part of the Contract Documents:
 .1    AIA Document E201™–2007, Digital Data Protocol Exhibit, if completed by the parties, or the following:

 .2    Other documents, if any, listed below:
       *(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201–2007 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*
       Original Proposal dated July 28, 2010, Revised 10/5/2010, Revised 11/10/2010, Revised 1/17/2011

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41 under the terms of AIA Documents-on-Demand™ order no. 2008193202 , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

## ARTICLE 10   INSURANCE AND BONDS

The Contractor shall purchase and maintain insurance and provide bonds as set forth in Article 11 of AIA Document A201–2007.

*(State bonding requirements, if any, and limits of liability for insurance required in Article 11 of AIA Document A201–2007.)*

| Type of Insurance or Bond | Limit of Liability or Bond Amount ($0.00) |
|---|---|
| | 2,000,000.00 |
| Liability | 1,000,000.00 |
| Workers Comp | 1,000,000.00 |
| Auto | |

This Agreement entered into as of the day and year first written above.

OWNER (*Signature*)

CONTRACTOR (*Signature*)

Gary Pace        Homeowner
(*Printed name and title*)

Manfred Thyssen      Owner
(*Printed name and title*)

AIA Document A101™ – 2007. Copyright © 1915, 1918, 1925, 1937, 1951, 1958, 1961, 1963, 1967, 1974, 1977, 1987, 1991, 1997 and 2007 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was created on 12/01/2010 22:49:41    under the terms of AIA Documents-on-Demand™ order no. 2008193202  , and is not for resale. This document is licensed by the American Institute of Architects for one-time use only, and may not be reproduced prior to its completion.

Init.

9

# *Heating & Air Technology of California*

Air Conditioning, Heating, and Electrical Contractor

CA License # 792329

July 28, 2010
Revised October 5, 2010
Revised November 10, 2010
Revised January 18, 2011

Gary Pace

Mr. Pace,

Listed below you will find a proposal that I broke down into the specific sections of work, each section will have options regarding upgrades and/or alternative systems including potential rebates. Once you know which options you would like to proceed with I can give you a actual job cost, the costs associated with each option is a installed cost stand alone, there would be some discounts applied.

## Electrical:

Installation of a complete working electrical system including all Romex wiring, rough in boxes, trim rings, plaster rings, Installation of owner furnished fixtures:

- LED Can Light Fixtures as per plans
- Decora switches
- Trim as per plans and specs
- Fluorescent Fixtures as per plans and specs
- 3- way light circuits as required
- Standard low voltage:
  - Phone/Data with TV at all bedrooms/Office/Kitchen/Den area
  - All low voltage will be run to a structured panel placed central in home
  - Conduits with main feeds from media panel to exterior of home
  - Standard whit or ivory plastic cover plates for low voltage
- 220v Power for kitchen loads
- 220v Power for Laundry Circuits as per plans
- Under counter lights for Kitchen Cabinets with switches
- 220v For A/C Loads and dedicated circuits for FAU Equipment
- GFCI Circuits as per NEC. (all wet locations)
- Exterior wall sconces circuits including service outlets with switches as required by NEC
- Laundry Circuits
- Media Circuits
- Chandelier box up to 250lbs
- 400 amp Square D flush mount main panel
- 4" Schedule 80 PVC Pipe from main service to transformer location
- Ceiling Fan Boxes for Bedrooms and main living areas
- Smoke detectors per NEC Requirements
- Power to entry Gates

Page 1 of 4

## Heating & Air Technology of California

Air Conditioning, Heating, and Electrical Contractor

CA License # 792329

- Power to Pool Sub Panel
- Power to Gate House
- Exterior landscape lights as per plans
- Outlets: White or Ivory standard 15 amp          qty= 193 w/ standard cover plates
- GFI Outlets: 15 amp white or ivory                  qty= 56 w/ decora style cover plates. Outdoor GFI w/
  waterproof cover plates
- Wall Mount 4" round boxes                            qty= 85 install owner supplied fixtures
- Decora Switch white or ivory                         qty= 143
- Door Switch                                                   qty= 1
- Decora 3-way switch white or ivory              qty= 30
- Decora 4-way switch white or ivory              qty= 2
- Ceiling mounted J-box fan rated to 50lbs       qty= 74
- Leviton Touch Soft Dimmers                          qty=32 (Plans do not call for dimmer locations)
- 60 amp fused disconnects for HVAC              qty = 4
- 220v 30 amp                                                   qty = 1
- 220v 50 amp                                                   qty = 2

BID PRICE$                                                                          $84,231.00
Option: Clipsal LCP:                                                             $39,458.00
4" Conduit to street vault includes coring & transformer pad:   $ 4,045.00
                                                                                            --------------------
                                      Total Electrical                          $127,734.00

EXCLUSIONS: Underground Utility Vaults, Transformer Pads, Utility Transformer, certified compaction reports for trenches, SDG&E Service Fees if applicable. Trench from transformer pad to vault including asphalt cutting, shoring, street closures etc by others.

**Radiant Heating System:**

- Installation of Radiant system as per Viega Design last updated Nov 5, 2010 using Climate Panel or Climate Track for Master Bed/Bath areas

Exclusion: Boilers

Bid Price:     $8,541.00

Boiler Options:
- Navien Tankless Combi Units for Domestic Hot Water and Radiant Loads $9,654.00

Page 2 of 4

**Heating & Air Technology of California**
Air Conditioning, Heating, and Electrical Contractor

CA License # 792329

**HVAC:**

Bid Price: TRANE
- 16 Seer        $41,674.00
2x 4TTX6048C1000A        16 Seer 4 ton Condensers for Lower Level
2x 4TTX6048C1000A        16 Seer 5 ton Condensers for Upper Level
4x TUH2D120A9V5VA        XV95 Variable Speed 2 stage furnaces for upper and lower level
1x TUH2B060A9V3VA        XV95 Variable Speed 2 Stage furnace for pool house

Pool house shall be pre-plumb for A/C and include all required electrical, refrigerant lines, drains and evaporator coil.

Zonex Zoning Systems or TRANE Comfort Link with DDC Based controls and computer based control as well as the master scheduler inside home:        $4,452.00
Features:
- Same Features as Honeywell
- Allows remote access to control HVAC
- Can lock out zones 100% or allow +or- 4degree adjustments to avoid tampering
- DDC Based which will communicate with all equipment and modulate dampers with required air flow
- Very easy excel based scheduling software.

Page 3 of 4



## *Heating & Air Technology of California*

Air Conditioning, Heating, and Electrical Contractor

CA License # 792329

**Solar Electric:**

Installation of a ground mounted solar system. System shall be a Sunpower 7kw DC and consist of E18 Modules. The system shall be mounted on a Schletter Racking System. Inverter shall be SMA.

- 6.9 kw DC / 6.76 kw CEC A/C
- 1x SMA 7000US Inverter
- Schletter racking systems

Includes complete installation including all permits, design, engineering, trenching and underground conduits HATOC Shall apply for the current CSI rebate from SDG&E and will collect the rebate as one of the final payments. Should homeowner decide to apply for the NSHP Program through SDG&E, HATOC will work with homeowners General Contractor to apply for the rebates; HATOC cannot collect the NSHP rebate as one of the final payments.

Bid Price:          $34,148.00 before incentives

_____

Manfred Thyssen

_____

Gary Pace

_____1/18/2011_____

Date

41769 Enterprise Circle North Suite 104 – Temecula, CA 92590
1-888-479-8867 – (951) 296-5466 – Fax (951) 296-1661

*Heating & Air Technology of California*

Air Conditioning, Heating, and Electrical Contractor

CA License # 792329

## SUBMITTAL PACKAGE

### PACE RESIDENCE
*1405 INSPIRATION DR*
*LA JOLLA, CA 92037*

*I did not include specs with this package — [signature]*

PREPARED BY:

MANFRED THYSSEN
1/18/2011

41769 Enterprise Circle North Suite 104 – Temecula, CA 92590
1-888-479-8867 – (951) 296-5466 – Fax (951) 296-1661

1405 Inspiration Drive
La Jolla
CA 92037
8/30/12

Manfred H Thyssen
Heat and Air Technology of California

Dear Manfred

Re Contract Amendment

This letter is to confirm our understanding of the agreement reached on additional payments and conditions relating to my contract with Heating and Air Technology of California (HATOC) signed and dated 18th January 2011.

First we agree than under the contract including Contract Variations Orders (CVO's) and agreed adjustments that we have paid $ 288,406.42 to HATOC verses a total contract amount of $284,569.49 resulting in an overpayment by me to HATOC of $3,836.93.

I appreciate for various reasons your actual costs have exceeded your budgeted costs and I have agreed in order to ensure the job is completed fully and in a timely manner to:

1. Make a payment of $8,000 to HATOC on 8/31/12.
2. Make a payment of $8,000 to HATOC on successful completion of final inspection by the City and all key systems required for occupancy, including but not limited to Clipsal lighting system, wireless and wired internet, cable TV, cell phone booster, HVAC and in floor heating, towel warmers.
3. Make a final payment of $6,000 on completion of all outstanding installation, commissioning and a full set of as built drawings which shall be done no later than September 30th.

Further for the above payments you agree to provide prompt service on all equipment to ensure its proper function and maintenance for 2 years following the date of the final payment.

Next Mr. Thyssen and his associates will use best efforts to ensure that all rebates under the California NSHP and Federal Tax allowances are received by Dr. Pace and where possible supply all necessary paperwork to Dr. Pace by Dec 15th, 2012. Further Mr. Thyssen warrants that to his knowledge there are no issues resulting from the actions or the wind-up of HATOC that puts in jeopardy the rebate or tax allowances.

Exhibit ___B___

Also warrant that Mr. Thyssen & HATOC have all equipment necessary to complete the job per contract and fully paid for by Dr. Pace.

Last that and future CVO's must be pre-authorized only by Dr. Pace.

Given that HATOC is being "wound-up" all obligations under this agreement will become jointly and severally the liability of HATOC, Manfred H. Thyssen and Alliance Energy and Mechanical INC, 23578 Jefferson Ave Suite 110 Murrieta, CA 92562 of which Mr. Thyssen is an owner.

Faithfully

Gary W. Pace

Agreed to:

Manfred H Thyssen as an authorized representative of HATOC and Alliance Energy and Mechanical Inc

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:** MANFRED THYSSEN, SR., and individual;
*(AVISO AL DEMANDADO):* MANFRED HEINZ THYSSEN, JR., an
individual; KARIN THYSSEN aslo known as KARIN REUTER, an individual;
HEATING & AIR TECHNOLOGY OF CALIFORNIA, a company of unknown
form and origin; SURETEC INSURANCE COMPANY,, a Texas corporation;
ALLIANCE ENERGY AND MECHANICAL, INC., a California corporation;
DONALD MICHAEL BAILEY, an individual, AMERICAN CONTRACTORS
INDEMNITY COMPANY, a California corporation; and DOES 1 though 20

**YOU ARE BEING SUED BY PLAINTIFF:** GARY W. PACE
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 1 0 2013

F. Roa

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Riverside County Superior Court
4050 Main Street
Riverside, California 92501

</td><td>

CASE NUMBER:
*(Número de Caso):*
**1 3 0 0 9 9 0
MCC**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William J. Braun, Esq.                                        858-456-9725        858-456-9726
Braun & Melucci, LLP
7855 Ivanhoe Ave., Suite 400
La Jolla, CA 92037

<table>
<tr><td>

DATE:
*(Fecha)*        JUL 1 0 2013

</td><td>Clerk, by
*(Secretario)*        F. Roa</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                        Page 1 of 1

</td></tr>
</table>

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ INDIO 46-200 Oasis St., Indio, CA 92201 | ☐ TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA 92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
William J. Braun, Esq.
Braun & Melucci, LLP
7855 Ivanhoe Ave., Suite 400
La Jolla, CA 92037

TELEPHONE NO: 858-456-9725    FAX NO. *(Optional)*: 858-456-9726
E-MAIL ADDRESS *(Optional)*: Braun@san.rr.com
ATTORNEY FOR *(Name)*: Gary W. Pace

PLAINTIFF/PETITIONER: Gary W. Pace

DEFENDANT/RESPONDENT: Manfred Thysse, Sr., et al

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUL 10 2013

F. Roa

CASE NUMBER:
MCC    1300990

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☐ The action arose in the zip code of: _____

☐ The action concerns real property located in the zip code of: _____

☒ The Defendant resides in the zip code of: 92591 _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  07/05/13 _____

William J. Braun, Esq. _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

▶ _____
(SIGNATURE)

Page 1 of 1
Local Rule 1.0016

Approved for Mandatory Use
Riverside Superior Court
RI-030 [Rev. 07/01/12]

CERTIFICATE OF COUNSEL

riverside.courts.ca.gov/localforms/localforms.shtml

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
William J. Braun, Esq.
Braun & Melucci, LLP
7855 Ivanhoe Ave., Suite 400
La Jolla, California 92037

TELEPHONE NO.: 858-456-9725    FAX NO.: 858-456-9726
ATTORNEY FOR (Name): Gary W. Pace

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: Riverside, California 92501
CITY AND ZIP CODE:
BRANCH NAME: Central Division

CASE NAME: Gary W. Pace vs. Manfred Thysse, Sr., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant. (Cal. Rules of Court, rule 3.402) | MCC 1300990 JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Eleven (11)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 5, 2013

William J. Braun, Esq.
(TYPE OR PRINT NAME)                    ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10