1  **DARVY MACK COHAN**    State Bar Number 056753
   Attorney at Law
2  7855 Ivanhoe Avenue, Suite 400
   La Jolla, California 92037
3  Telephone Number (858) 459-4432
   Facsimile Number  (858) 454-3548
4  Email: dmc@cohanlaw.com

5  **WILLIAM J. BRAUN**    State Bar Number 157414
   Braun & Malucci, LLP
6  7855 Ivanhoe Avenue, Suite 400
   La Jolla, California 92037
7  Telephone Number (858) 456-9725
   Facsimile Number  (858) 456-9726
8  Email: wbraun@braunmelucci.com

9  Attorneys for Plaintiff
   Gary W. Pace

10

11              **UNITED STATES BANKRUPTCY COURT**

12              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  In re:                                     )    **Bankruptcy No.  6:15-bk-19699-SC**
                                                )
14                                              )    **Adversary Proceeding No.**
    Manfred Heinz Thyssen,                      )
15                                              )    CHAPTER 7
                          Debtor.               )
16  _____   )    **COMPLAINT TO DETERMINE**
                                                )    **DISCHARGEABILITY OF DEBT**
17  Gary W. Pace,                               )    **AND TO EXCEPT DEBT OF**
                          Plaintiff             )    **DEFENDANT FROM DISCHARGE**
18                                              )    **[11 U.S.C. §523(a)(2)(A)]**
    v.                                          )
19                                              )
    Manfred Heinz Thyssen, also known as        )
20  Manfred Heinz Thyssen, Jr.                  )
                                                )
21                        Defendant.            )
                                                )
22  _____   )

23         Plaintiff alleges:

24         1.    The within action is brought pursuant to 11 U.S.C. Section 523(c) to determine the

25  dischargeability of a debt owing from defendant to plaintiff and to except such debt from defendant's

26                                                  _____

27                                                     Bankruptcy No.  6:15-bk-19699-SC
          Complaint to Determine Dischargeability of Debt and to Except Debt of Defendant from Discharge
28

1   discharge in the above-entitled bankruptcy proceedings now pending before this Court.  This action is a core

2   proceeding subject to this Court's jurisdiction in accordance with 28 U.S.C. Sections 157(b)(1) and

3   157(b)(2)(I).

4       2.    On or about December October 1, 2015, Defendant, as debtor, filed a voluntary petition

5   before this Court for relief under 11 U.S.C. Chapter 7, commencing the above-entitled bankruptcy

6   proceeding.

7       3.    Plaintiff Gary W. Pace is an individual residing in La Jolla, California, and own a parcel of

8   residential property located at 1405 Inspiration Drive in La Jolla, California (hereinafter the "Residence."),

9   and is, and is so listed by Defendant as a creditor in these bankruptcy proceeding.

10      4.    Between on or about January 18, 2011, and May 1, 2013, in order to induce Plaintiff to enter

11  into an *AIA Standard Agreement Between Owner and Contractor* (the "Contract") calling for performance of

12  electrical and mechanical work on Plaintiff's new home, and to continue to make payments and to advance

13  additional funds thereunder, Defendant falsely and fraudulently promised and represented to Plaintiff that

14  Defendant was properly licensed as a contractor for the work to be performed, and was the owner of the

15  contracting and performing entities, including Heating & Air Technology of California, Air Technology of

16  California, and Alliance Energy and Mechanical, Inc., and further, falsely and fraudulently promised and

17  guaranteed to complete the work required under the Contract in a good and workmanlike manner, and to

18  timely pay for all materials and timely pay all suppliers, and that Plaintiff's payments and advances of money

19  were required therefor.

20      5.    Defendant's representations and promises so made to Plaintiff as alleged in paragraph 4,

21  above, were in fact false, and were either known by Defendant to be false when made or were made in

22  reckless disregard of the truth.  Plaintiff is informed and believes and thereupon alleges that the true facts

23  were that Defendant was not properly licensed as a contractor for the work to be performed, and was not the

24  owner of the contracting and performing entities, nor did Defendant timely pay, nor intend to timely pay for

25  all materials and supplies therefor.  Debtor not only failed to complete the work in a good and workmanlike

26

27  Bankruptcy No.  6:15-bk-19699-SC
    Complaint to Determine Dischargeability of Debt and to Except Debt of Defendant from Discharge
28  - 2 -

1  manner, and failed to pay the suppliers therefor as represented, and failed to deliver materials and supplies

2  which Plaintiff had paid him for, but also fraudulently induced Pace to pay him substantial additional sums in

3  excess of the Contract price for the purpose of continuing the work which he failed to complete.

4      6.    Plaintiff was unaware of the falsity of defendants' representations and promises, and believed

5  them to be true and in justifiable and actual reliance thereon entered into the aforesaid Contract for

6  construction of said certain residential improvements, and paid and advanced sums of money thereunder as

7  hereinabove alleged.  Had Plaintiff known the true facts, he would not have entered into said Contract in the

8  first instance, nor would Plaintiff have advanced the sums of money thereunder.

9      7.    As a direct and proximate result of Defendant's fraudulent representations as conduct, as

10  hereinabove alleged, Plaintiff has been required to overpay for performance under the Contract, to pay

11  additional sums to correct Defendant's failures of competent performance thereunder, to repurchase materials

12  required therefor and for the completion thereof, all to plaintiff's damage in the sum of $153,001.94, and

13  according to proof at time of trial.

14      8.    Defendant was at the time of the petition in the present bankruptcy case, and now is indebted

15  to Plaintiff in the sum of in the sum of $153,001.94, and according to proof at time of trial, by reason of the

16  damages incurred by Plaintiff in justifiable and actual reliance upon Defendant's false and fraudulent

17  representations hereinabove alleged.

18      9.    By reason of the acts of Defendants as hereinabove alleged, Defendant has obtained money

19  from plaintiff by false pretenses, false representations, and actual fraud, and the debt owing from Defendant

20  to Plaintiff in the amount so obtained should therefor be excepted from defendants' discharge pursuant to

21  11 U.S.C. Section 523(a)(2)(A).

22      WHEREFORE, plaintiff prays judgment against defendant as follows:

23      1.    For the principal sum of $153,001.94, and according to proof at time of trial;

24      2.    That plaintiff's claim and the judgment rendered herein be excepted from defendants'

25  discharge; and

26      _____

27      Bankruptcy No.  6:15-bk-19699-SC
Complaint to Determine Dischargeability of Debt and to Except Debt of Defendant from Discharge

28  - 3 -

3. For costs of suit herein incurred and for such other and further relief as the Court deems just and proper.

Dated: December 31, 2015        /s/ *Darvy Mack Cohan*

_____
DARVY MACK COHAN
Attorney for Plaintiff

7855 Ivanhoe Avenue, Suite 400
La Jolla, California 92037
Telephone Number (858) 459-4432

_____
Bankruptcy No.  6:15-bk-19699-SC
Complaint to Determine Dischargeability of Debt and to Except Debt of Defendant from Discharge
- 4 -